Good morning, Your Honor. Peter Goldschar for the Appellant. I have little to add to the certified issue really. I think the 28-J letter lays to rest I believe the retroactivity issue based on the interpretation of Fiori and Moore v. Helling. I don't believe there's any issue there that really merits discussion. I also believe that the exhaustion issue is not one that court should be terribly concerned with. The Appellant clearly raised the Duncan v. Henry federal issue and the fact that he relied on case authority that was a little broader than the Supreme Court of California ultimately ruled on in Rodriguez, which, by the way, was a necessarily included ground I don't think should be attributed to the Supreme Court of California. Well, help me out a little bit on the exhaustion question. He did not make what I would characterize now in light of the subsequent case decision. He did not make a Rodriguez argument. He said there was insufficient evidence, but his argument when he was trying to support the statement there's insufficient evidence was not that the statute requires two people. Well, he essentially said that you cannot commit a crime unless there is some evidence of gang activity or some other persons are involved. That's a broader ground than Rodriguez held, which simply held that a single person can't commit the crime. But it's kind of ironic to impute to him a favorable decision by the California courts broader than Rodriguez ultimately held, but essentially was included within the lower court decision. They didn't go as far as to say there can be no gang activity, but they say you can't commit the crime alone without there being some other person. And implicitly, I think that's where the due process violation is intertwined inextricably, because without a gang, you can't commit the crime. Without other persons, you can't commit the crime. And the fact that Appellant relied on a decision that was a little bit broader than that, I don't believe that he should suffer the onus of not having satisfied exhaustion because he was relying on what the favorable court of appeal decision said at the time. So I think it's, again, as the court, the Supreme Court said in Engel, you don't have the extraordinary prescience or extraordinary vision to satisfy exhaustion. He raised insufficiency, he made it a Federal issue, and he raised the fundamental issue that you cannot commit the crime alone without some other gang involvement or evidence of gang activity. And I think that that should be sufficient. It's close enough. Roberts. Let me ask you a question, though, about you said retroactivity is there's really no issue anymore. And I guess I read Fiori to suggest that it's not a question of retroactivity. It's a question as to whether the California Supreme Court in Rodriguez was clarifying the law as it stood at the time your client committed the underlying acts or whether it was in some form or fashion changing the law. And if I recall from Fiori, I mean, the Supreme Court actually certified that question to the, whatever the relevant State Supreme Court was. And so why you're saying that we can just make that determination ourselves looking at Rodriguez? Well, I think it's even far stronger than the clarification. It was not a change in the law. It wasn't even a clarification. It was a first-time decision by the highest court interpreting a statute. I mean, I think it's far more powerful an issue. And I agree, there is no issue of retroactivity because the fact is it's the first time the Supreme Court ever interpreted that section. And even a clarification under Fiori should be deemed extending to all final cases. Here we don't even have a clarification. We have a far more compelling argument in that it wasn't even decided at all by the higher court until Rodriguez. So I think certainly Fiori, to the extent of the clarifications, should extend the situation as well. Okay. Now, help us out on the following. You briefed the uncertified issue, as you had a right to do. The State, as it had a right to do, didn't brief the uncertified issue. And the question in front of us at the time you filed the brief and still is whether or not we should ask the State to file a briefing response. Help us understand the uncertified issue and why you think it's strong enough that we should ask the State to brief a response. Well, first of all, I think that the two issues were inextricably conjoined all throughout the proceedings. So first of all, just help me out. What is the uncertified issue as you understand it? The uncertified issue is an introduction of gang evidence, particularly through the opinion of the expert, a gang expert, violated the defendant's due process right to a fair trial. This was evidence in which the expert opinion was fully divorced from the facts, was fully divorced from any proof of existence of a gang, but for the statements and the tattoos of this young Native American, I'm not sure Williston, the gold country of Mendocino County has ever seen a Norteno gang, and yet we have an expert testifying based on nothing more than a tattoo and a statement by the young man that this was a gang-related offense. Let me restate for you the uncertified question that is just as you described it, but it becomes slightly different if we are to agree with you on the certified question. That is, if we agree with you on the certified question, there's no dispute as to the evidence that he did this by himself, and therefore, there is simply no evidence with which to support any charge that this is a gang-related crime, which means then not only do you have the argument that the evidence that's coming in is unreliable as to the gang-related, but maybe it's irrelevant. Well, that's the point. Without the 1A6.22a, the gang participation charge, there wouldn't have been any gang evidence. So what's the harm that rises to the level of a Federal constitutional violation of having admitted evidence of gangs, that he must have participated in a gang, was a member of a gang, how is that a constitutionally cognizable harm, even if it's irrelevant? Well, the Supreme Court of the United States has held that prejudicial, irrelevant evidence that goes to the fairness of the proceedings does violate due process. Here we have a situation where you have a case of the reason I say it that way, Judge Watford and I, I think, are particularly sensitive, given that there was a procurium reversal yesterday by the United States Supreme Court saying that the Ninth Circuit once again granted habeas in an AEDPA case without having clear Supreme Court authority to support it. So what's your case? Well, I think Estella v. McGuire is the case that comes to mind immediately. That's really where they say the only limitation that I think the Supreme Court's put on due process violations when it comes to prejudicial evidence is when it deals with prior crimes evidence. The Supreme Court's never really held a prior crimes evidence violates due process if it's prejudicial, although I do think there's a difference between if it's relevant or irrelevant propensity evidence, and I won't get into that, it's not pertinent to this appeal. But clearly, that case, Donnelly v. I think Cristoforo and a bunch of other cases, clearly indicate that prejudicial, irrelevant evidence that violates due process and causes the trial to be unfair does amount to a Federal constitutional violation. And that's what occurred here. There was no nexus at all between the expert's opinion and the facts, no evidence of another crime. There wasn't even evidence of a gang in this particular area. No evidence of any associates that Mr. Knoll had. No evidence that he even knew anyone else in the gang. He was totally divorced from any of the facts. We're talking about an extremely close set of facts, none of which were part of the case. You may be able to help me out on this, and I'm not sandbagging you by knowing an answer in the back of my head. The argument was, in support of the gang activity, was that the defendant shot at his cousin because his cousin was a snitch, and the gang didn't like snitches. What evidence was there about the snitching? To my knowledge, to my recollection, there wasn't no evidence of that because there was no evidence of a gang. So the State may be able to help me out on this one. So there's no evidence as to what he said to anybody that might have been viewed of as snitching? I don't recall any specific evidence as to what motivation may have existed in that regard. There was personal animosity between the two. There was a motivation on the part of the alleged victim to have made statements. But again, my recollection of the record, and counsel may have a different recollection, was there was no evidence whatsoever of gang activity but for the tattoos and the self-professed statements by Mr. Knoll, which could be nothing more than braggadocio. And based on that alone, we had a gang expert opining of benefit to a gang that never was proven to exist. Okay. Why don't we hear from the State, and you've got 35 seconds. Thank you very much. Good morning, and may it please the Court. Shall we just start there? You may want to talk about the certified question, or you may just want to say, okay, I cry uncle on that one. I'd rather not address the certified question without being asked to brief the certified question. If there's a specific question about the evidence in the record, that is my responsibility, whatever the question is, and I'd be happy to comment on that. Well, let me just say the framework. Obviously, if we think that there's something to the uncertified question, the next step is to ask the State to brief, because you're not going to win or lose in the courtroom here on that issue. The extent of your loss on that issue would just be you get to write something. Yes, which is what I'm paid to do. Well, if we say we're going to certify it, I mean, we're not there yet. But as to the already certified question, that is to say, as to the conviction based on the gang activity. Do you want to respond to that first? Yes, Your Honor, I do. The question of exhaustion is really a very basic and a very simple one. If the defendant could obtain relief in the State court, then principles of comity suggest this Court should act with restraint. And we have instances in the State court right this very minute where defendants are raising in State habeas. It might be successive, it might be delayed, it might be whatever, but the courts are accepting them, and the end, my office is, in fact, conceding the issue. And I can give the Court cites. There is nothing published because it is just procedural. It is so uncontroversial that it's just being handled as informal opposition requested, and we concede at that point. I'm sorry, you concede what? That when the crime is the only crime supporting the gang participation count was committed by a solo actor, such as a robbery committed by one person, as in the Rodriguez situation, that the Rodriguez case says that is not one of the cases that is available to support a gang participation count. So you're conceding, you're willing to concede that the defendant or the Petitioner here is entitled to relief on this charge? In the State courts. We do not have, at least, you know, under the circumstances where it's a Rodriguez case, I will say we have not had a case yet where it's shooting at a snitch who has and this is where the evidence comes in, had some involvement in a prior arrest of the defendant, and we have that witness saying that, yes, he only wears red, and he, you know, there's evidence of tattoos, and there's, I'm sorry, I'm getting the question. So what I'm saying is we haven't had the question come up before the California Supreme Court specifically whether shooting at a snitch benefits the gang if there's some, you know, if there are others involved somehow. We don't know that here. We don't have that. I confess, I read Rodriguez as saying very clearly, if the crime is committed by a single person, it is not a gang crime within the meaning of the statute. That is absolutely what they said, and that has been. And that's what we've got right here. Even if he did it in furtherance of some gang purpose, if he does it by himself, it's not a crime under that statute. You're right. That is correct. Now. So that means that this is not a crime under that statute, right? And then you get to the question of whether the Court clarified or changed the law. Right. And I think that's where I'm headed. Okay. The Supreme Court has not published a decision on that issue yet. It had Jones in front of it. It issued an order to show cause returnable below. Well, why can't we just read the opinion of the Supreme Court? I mean, the way Justice Corrigan writes that opinion, she says, I'm just reading the statute. And I think your adversary is correct. This is the first time the Court has addressed the statute, so they clearly can't be changing their view of the statute. They finally got the statute in front of us, and they're telling us that's what it means. I think what I'm saying is that that same statement proves absolutely he's got a remedy in State court that he has not asked for yet. There's an available remedy in State court on that issue. Is that an exhaustion argument you're making? That's an exhaustion argument. But why isn't it sufficient for purposes of exhaustion? And, of course, it's our Federal definition of exhaustion, that he said there's insufficient evidence to support the conviction, which turns out to be right. Kagan, I'm sorry, but I'm not going to bet on, right, a theory not briefed by anybody until this point, and the reversing here essentially says that Judge Chenvillot did the wrong thing, and he didn't. He applied the law exactly as it was up until this summer. Well, he applied the law without the Supreme Court ever having addressed the statute. That's correct as well. But I think, you know, going back to Engle v. Isaac, I think what we've proved is he would get relief if he ever asked for it in State court. So if he were to file in State court, do you hear certified us, represent us, that you would not oppose? I can certify that our office up and down the State has not been opposing. We have been conceding the issue. And what if the Superior Court says, too late, what are you going to do then? If they didn't accept our concession? Well, if the Court says, sorry, you could have raised it below. You've waived the argument as far as we're concerned. You're done. But what if the Superior Court says that? Well, that's exactly the issue that we're conceding. They have the right to bring this de novo before the State courts because the law was interpreted, not changed. But if you tell us the law was interpreted, not changed, and if that's your concern, if that's your reading of Rodriguez, which I confess is also mine, I don't see why there's an impediment for us to say the same thing. And I think that just gets to the question of restraint. He's got an available remedy in the State courts. This is something that can be fixed and could have been fixed. And it was true in Fiori and the Supreme Court, unless you tell me differently, the Supreme Court didn't make the Petitioner go back to State court. The Supreme Court just asked the, I think it was the Pennsylvania Supreme Court, hey, tell us, was this a clarification? The answer came back yes, and wasn't it a ---- Right. So if that's what this Court wants to do, is to get the Supreme Court to say that, it would go through the same procedure. I'm suggesting we can go through the State courts and get the State courts to say that in this case. But you think the question as to whether Rodriguez was a clarification versus a change is so uncertain that we need to get the California Supreme Court to tell us which one it is? And the only reason I say that is because the Supreme Court had people versus In re Jones in front of it all summer, issued an order should cause returnable below. It had a chance, you know, to decide it itself and decided that it should go back to the court that had readied the last published decision in the case, or the last decision in the case. But those things are so opaque, it could be we're busy, the answer is obvious, go do it yourself, you know. Well, they certified a particular, two particular questions in the order to show cause. And I think what I should do at this point, because it's a public record, is ask the Court to take judicial notice of the Jones case, and I'm happy to give the Court the references, because it's all in the open State court record online, what happened and what the questions were. It went to the Supreme Court as S-216413 and was remanded down to the 4th District Division II as E-061332. And that's my best current right as of the minute read of what the California Supreme Court does with these cases. Scalia. Where is Noel now? He's in state prison. It's an attempted murder, two kidnappings, two assaults, a child endangerment, and I think a car theft. So there he would remain for some time, even if. Yeah. No, no. If we were to set aside only the gang conviction, I think what he did was 8 months off the sentence, off of otherwise very long sentences. So let me ask you in the time remaining why we shouldn't ask you to respond to the uncertified question. And I think the uncertified question, for purposes of my question, should be understood as, assuming that we're going to put off to one side, we're going to invalid, we're going to grant the writ as to the gang conviction because there's insufficient evidence, it is a clarification, and was exhausted. So assume you just lose on that one. Yes, Your Honor. Which means, then, that much, maybe even all of the evidence that came in at trial with respect to gang is irrelevant to the charges. But that's the certified question, is does that violate some provision of Federal constitutional law? Why is that a frivolous question such that we shouldn't ask you to brief? I think, Your Honor, that reviewing it from the back end is maybe not the way to go, the way to review the case and the evidence that was admitted and the propriety of admitting that evidence is from the front end, where you have a gang participation count at that time, completely, on a completely valid theory, and two gang participation enhancements to other crimes committed in the case. At that point, the Court could not have reasonably denied the request, you know, excluded the evidence. It was very clearly relevant to the theory that a snitch was killed to benefit the gang, was attempted to be killed to benefit the gang. No, as the trial court understood the statute, I don't fault the trial court, but now we understand the statute differently. So the question is, given our current understanding of the statute, was it fundamentally unfair to let all that evidence in? Can I just jump in? I thought the reason I guess it wasn't troubled by this issue so much was I thought there was a different gang charge or enhancement that was in play, totally separate from the 186.22a thing. Yeah, there were two B enhancements. And I understand that after the trial, the trial court said, boy, you know, it turned out there wasn't sufficient evidence to support that. But I'm assuming at the time the evidence was admitted, the Court had found that there was sufficient evidence to at least let it go to the jury, right? That it was relevant evidence, yes. And so is there a Supreme Court authority that says if you later determine that there's insufficient evidence to support a charge, that it thereby kind of retroactively invalidates the admission of evidence at the outset of trial? I'm sorry, that validates or invalidates. I'm not quite sure I heard that distinction, but you're right. Invalidates. It seems to me what we would need is a Supreme Court case that says as a matter of due process, if evidence was admitted solely as to one count, let's say, that later is determined, you know, there was insufficient evidence to support it. Correct. That it somehow, you go back and say, hey, well, I guess the entire trial was unfair then, because that evidence should never have come in. Right. If I am asked to brief this issue, obviously, I will be arguing that there is no such authority of which we're aware. You're evaluating the decisions of the trial court in terms of evidence admissibility at the time it's made. You're evaluating the whole case when it comes to due process. The whole case has to include everything that was on the table at the time the jury heard the case. Right. In fact, I was waiting for the answer that Judge Watford gave from you, but now that we have it on the table, my question is, does the gang enhancement still exist as a possibility despite Rodriguez? The enhancements were stricken on a sufficiency. No, I understand that. Well, actually, no. I need to clarify. This is a question of law I'm asking. Yes. Is the gang enhancement available even if this is not a gang crime of which he has been convicted? That is to say, given Rodriguez, given that he can't be convicted of a gang crime, Correct. is the gang enhancement of sentencing still available as a matter of law? As a matter of law, yes, because it could have ‑‑ I'm trying to remember exactly what those two attach to, but I believe they attach to the assaults on the girlfriend and her child. And that it was, you know, girlfriend can't diss you in public without retribution, kind of a whole different theory. And what was granted there was a new trial motion on the enhancements, which is a very different category to be in than a striking for insufficient evidence. I thought enough to know that maybe this is complicated. Thank you. All right. Thank you, Your Honor. We have 30 seconds, I know. Let's put two minutes on the clock. Go ahead. It's even more complicated because the Supreme Court of California has never upheld a gang enhancement violation based on a single individual either. So Rodriguez does implicate the question that you asked. In fact, there's all kinds of court of appeal decisions in California that have thrown out the gang enhancements when it's been based by a single individual. The Supreme Court of California has never actually ruled on that particular precise point. So once again, we're back to a situation where the Supreme Court has never actually explicitly said that. But I think what's important to remember is that, number one, were it not for the 186.228, none of this would have come into evidence. And I think the trial court should have been, if not knowledgeable of what the Supreme Court would do, cognizant of the fact that there was no corroboration for the gang enhancement prior to the trial. Now, it's complicated because it did surpass a probable cause determination, rightly or wrongly, but that is a different question than the admissibility at trial of an uncorroborated gang allegation and gang evidence which had no factual basis. But what you're suggesting is that the trial court try the case first and make rulings on the where the evidence comes in at the real trial. I think the trial court realized that. What you're doubling, doubling the time of the trial court. I think the trial court realized after it was over that it made a mistake, is really what I think it comes down to. But the same information the trial court had after the trial, it had before the trial. There was nothing new at the trial. The court was aware of what the evidence was going to be. He knew that there was no gang evidence that was going to be admitted. Because of the 186.22 gang participation clause being there, the court assumed that the gang enhancement clause should go to trial. And from the beginning, from the motion to dismiss the probable cause under 995, the courts can join the issue. In the court of appeal decision by the State court, they dispense of both in one – both totally different issues in one breath. They say, accordingly, there was a rational ground for assuming the possibility that the gang charge had been committed and defended guilty of it and for assuming the possibility that the gang allegations were true. They can join the issues from the very beginning. It's a fact of the law. Robertson Thank you very much. I thank both sides for your arguments. And quite an – I don't think you like – patients do not like to hear doctors when they say it's an interesting case. Maybe you don't like to hear when judges say it either. This is an interesting case. Noel v. Lewis, submitted.
judges: Duffy, Fletcher, Watford